IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEENAN D. MOORE | § | |
| VS. | § | CIVIL ACTION NO.  9:20-CV-92 |
| MELINDA DUFF, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Keenan D. Moore, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Melinda Duff, John M. McCroskey, Brandy L. Mosley, Taliesin R. Stern, Jody L. Vincent, Christina M. Norris, and Mark W. Duff.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant Brandy L. Mosley filed a Motion to Dismiss (doc. #70). Plaintiff has filed two Responses (doc. #71 and doc. #72). This Report and Recommendation considers the merits of the Motion and Plaintiff's Responses.

Factual Background

Plaintiff contends Defendant Melinda Duff "enticed and coerced [him] into a personal relationship" with her. (Doc. #11 at 3.)[1] On January 6, 2020, Plaintiff was charged with a disciplinary infraction for attempting an inappropriate relationship with Melinda Duff. Plaintiff

---

[1] Plaintiff's Amended Complaint (doc. #11) and his Response to an order to file a more definite statement (doc. #61) are the live pleadings in this action.

contends the disciplinary charge was false because Defendant Melinda Duff failed to disclose evidence that she had an ongoing relationship with Plaintiff, which allegedly began in June of 2019. Plaintiff claims that Defendants Melinda Duff, McCroskey, and another individual conspired to fabricate the disciplinary charge to remove Plaintiff from his job in the box factory.

Plaintiff was represented at the disciplinary hearing by counsel substitute, Defendant Mosley. Plaintiff alleges Defendants Melinda Duff, Mark Duff, Mosley, and Stern conspired to deprive Plaintiff of his rights to be present at the disciplinary hearing and to call witnesses. Following the hearing, Plaintiff was found guilty of the disciplinary infraction. As punishment, Plaintiff was sanctioned with sixty days of commissary restriction, the suspension of contact visits, forty-five days of cell restriction, a reduction in class, and he forfeited fifteen days of good conduct time. Plaintiff also claims Defendant Mosley conspired with other Defendants to deprive Plaintiff access to the grievance procedure.

## Motion to Dismiss

Defendant Mosley moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Mosley contends that she was not acting under color of state law when she acted as Plaintiff's counsel substitute during the disciplinary proceedings. Defendant Mosley also asserts that Plaintiff has not alleged facts supporting his conspiracy claims.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a

claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640. The United States Court of Appeals has held that a counsel substitute is not acting under color of state law when assisting a prisoner in a prison disciplinary proceeding. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *see also Edwards v. Martin*, 688 F. App'x 292, 293 (5th Cir. 2017) (affirming the district court's dismissal for failure to state a claim against counsel substitute because she was not acting under color of state law when she assisted Plaintiff with his disciplinary proceeding). Because Defendant Mosley was

3

not acting under color of state law when she assisted Plaintiff during the disciplinary proceedings, Plaintiff has failed to state a claim for actions Defendant Mosley took in her role as Plaintiff's counsel substitute.

Plaintiff contends Defendant Mosley conspired with other Defendants to violate his civil rights. "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory accusations of conspiracy do not state a claim under § 1983, unless the plaintiff supports his allegations with material facts. *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). In this case, Plaintiff only offers his subjective belief that Defendant Mosley conspired against him. Because Plaintiff fails to support his conclusory allegations of conspiracy with any material facts, the conspiracy claim should be dismissed. *See Longoria v. Texas*, 473 F.3d 586 (5th Cir. 2006) (disregarding conspiracy claim because Plaintiff offered no evidence in support of his conclusory allegation).

## Recommendation

Defendant Mosley's Motion to Dismiss should be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

4

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 23rd day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE