IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEENAN D. MOORE | § | |
| VS. | § | CIVIL ACTION NO.   9:20-CV-92 |
| MELINDA DUFF, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Keenan D. Moore, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Melinda Duff, John M. McCroskey, Brandy L. Mosley, Taliesin R. Stern, Jody L. Vincent, Christina M. Norris, and Mark W. Duff.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Melinda Duff and Mark Duff filed a Motion to Dismiss (doc. #65). Plaintiff has filed a Response (doc. #67). This Report and Recommendation considers the merits of the Motion and Plaintiff's Response.

Factual Background

Plaintiff contends Defendant Melinda Duff "enticed and coerced [him] into a personal relationship" with her. (Doc. #11 at 3.)[1] On January 6, 2020, Plaintiff was charged with a disciplinary infraction for attempting an inappropriate relationship with Melinda Duff. Plaintiff

---

[1] Plaintiff's Amended Complaint (doc. #11) and his Response to an order to file a more definite statement (doc. #61) are the live pleadings in this action.

alleges the disciplinary charge was false because Defendant Melinda Duff failed to disclose evidence that she had an ongoing relationship with Plaintiff, which began in June of 2019. Plaintiff alleges Defendant Melinda Duff fabricated the disciplinary charge to retaliate against Plaintiff for filing a grievance against her for sexually harassing him. Plaintiff also claims that Defendants Melinda Duff, McCroskey, and another individual conspired to fabricate the disciplinary charge to remove Plaintiff from his job in the box factory.

Plaintiff was represented at the disciplinary hearing by counsel substitute, Defendant Mosley. Plaintiff alleges Defendants Melinda Duff, Mark Duff, Mosley, and Stern conspired to deprive Plaintiff of his right to be present at the disciplinary hearing and call witnesses. Plaintiff was found guilty of the disciplinary infraction. As punishment, Plaintiff was sanctioned with sixty days of commissary restriction, the suspension of contact visits, forty-five days of cell restriction, a reduction in class, and he forfeited fifteen days of good conduct time.

Finally, Plaintiff claims Defendants Melinda Duff and Mark Duff conspired with other Defendants to deny Plaintiff due process at a classification hearing, falsify Plaintiff's medical records, and deny him access to the grievance procedure.

## Motion to Dismiss

Defendants Melinda Duff and Mark Duff moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend Plaintiff has not alleged facts demonstrating that his Fourteenth Amendment right to due process was denied during the disciplinary proceedings. Defendants also allege that Plaintiff's claims of conspiracy and retaliation are conclusory and should be dismissed for failure to state a claim.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. at 640.

*Denial of Due Process*

Plaintiff contends he was denied due process during a disciplinary proceeding because he was not allowed to attend the disciplinary hearing or call witnesses. Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). As a general rule, only sanctions that result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, will impose upon a liberty interest. *See Teague v. Quarterman*, 482 F.3d 769, (5th Cir. 2007) (holding that the post-September 1, 1996 mandatory supervision statute creates a constitutional expectancy of release); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that the mandatory supervision statute in effect prior to September 1, 1996, created a constitutional expectancy of early release for earned good time credits); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997) (stating that there is no constitutional expectancy of release on parole in Texas, but an inmate may have a constitutional expectancy of release on mandatory supervision); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context . . . will henceforth qualify for constitutional 'liberty' status.") (citations omitted).

Although Plaintiff lost good time credits as a result of the disciplinary hearing, the loss of those credits will not affect his release to mandatory supervision because Plaintiff reports that he is ineligible for mandatory supervision. The other sanctions imposed were restrictions of his privileges

and a reduction in his class, which are not the types of punishment that impose on a liberty interest. *See Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013) (holding that Plaintiff's claim of a false disciplinary charge was frivolous and failed to state a claim because the punishments imposed did not implicate a liberty interest). Thus, Plaintiff's claim that he was denied due process during the disciplinary proceeding fails to state a claim upon which relief may be granted.

*Retaliation*

Plaintiff contends Defendant Melinda Duff fabricated the disciplinary charge to retaliate against Plaintiff for filing a grievance against her. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right, (2) the defendant intended to retaliate against the inmate for exercising that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

Plaintiff contends that he was exercising his right to file a grievance against Defendant Melinda Duff for sexual misconduct when she charged him with a disciplinary infraction for attempting to engage in an improper relationship with her. Further, Plaintiff claims the defendant failed to produce evidence that would allegedly prove the two were engaged in an ongoing relationship. At this stage of the litigation, Plaintiff's allegations are sufficient to state a claim of retaliation against the defendant.[2]

*Conspiracy*

Plaintiff contends Defendants Melinda Duff and Mark Duff conspired with other Defendants to violate Plaintiff's civil rights. "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory accusations of conspiracy do not state a claim under § 1983, unless the plaintiff supports his allegations with material facts. *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). In this case, Plaintiff only offers his subjective belief that the defendants conspired against him. Because Plaintiff fails to support his conclusory allegations of conspiracy with any material facts, the conspiracy claim should be dismissed. *See Longoria v. Texas*, 473 F.3d 586 (5th Cir. 2006) (disregarding conspiracy claim because Plaintiff offered no evidence in support of his conclusory allegation).

---

[2] Plaintiff makes allegations of sexual abuse against Defendant Melinda Duff. Defendant seems to be referring to those claims when she argues that some of Plaintiff's claims are not cognizable under § 1983 because they are criminal in nature. However, claims of sexual abuse by correctional officers are sufficient to establish a violation of the Eighth Amendment. *Rafferty v. Trumbull Cnty.,* 915 F.3d 1087, 1095 (6th Cir. 2019). Therefore, Plaintiff will be allowed to proceed with this claim.

<u>Recommendation</u>

The Motion to Dismiss should be granted with respect to the claims against Defendant Mark Duff and the due process and conspiracy claims against Defendant Melinda Duff. In all other respects, the Motion to Dismiss should be denied.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 23rd day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE