IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEENAN D. MOORE | § | |
| VS. | § | CIVIL ACTION NO.   9:20-CV-92 |
| MELINDA DUFF, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Keenan D. Moore, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Melinda Duff, John M. McCroskey, Taliesin R. Stern, Jody L. Vincent, and Christina M. Morris.[1]

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the action.

This Report and Recommendation considers the merits of the claims against Defendants McCroskey, Stern, Vincent, and Morris.

Factual Background

Plaintiff contends Defendant Melinda Duff, Plaintiff's direct supervisor at his prison job, "enticed and coerced [him] into a personal relationship" with her. (Doc. #11 at 3.)[2] Plaintiff alleges Defendants McCroskey and Melinda Duff conspired to file a false disciplinary charge against Plaintiff to remove him from his job. On January 6, 2020, Plaintiff was charged with a disciplinary

---

[1] Defendants Brandy Mosley and Mark Duff were previously dismissed from this action.

[2] Plaintiff's Amended Complaint (doc. #11) and his Response to an order to file a more definite statement (doc. #61) are the live pleadings in this action.

infraction for attempting an inappropriate relationship with Melinda Duff. Plaintiff contends the disciplinary charge was false because Defendant Melinda Duff failed to disclose evidence that she had an ongoing relationship with Plaintiff, which allegedly began in June of 2019.

Defendant Stern conducted the disciplinary hearing. Plaintiff alleges Defendants Melinda Duff and Stern conspired with other individuals to deprive Plaintiff of his rights to be present at the disciplinary hearing and to call witnesses. Following the hearing, Plaintiff was found guilty of the disciplinary infraction. As punishment, Plaintiff was sanctioned with sixty days of commissary restriction, the suspension of contact visits, forty-five days of cell restriction, a reduction in class, and he forfeited fifteen days of good conduct time.

Plaintiff claims Defendant Morris conspired with other individuals to deprive Plaintiff access to the grievance procedure. Finally, Plaintiff claims Defendant Vincent used profane and threatening language to intimidate Plaintiff.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the

opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640.

3

*Denial of Due Process*

Plaintiff contends Defendant Stern denied him due process during a disciplinary proceeding by removing Plaintiff from the hearing and denying him the right to call witnesses. Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). As a general rule, only sanctions that result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, will impose upon a liberty interest. *See Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007) (holding that the post-September 1, 1996, mandatory supervision statute creates a constitutional expectancy of release); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that the mandatory supervision statute in effect prior to September 1, 1996, created a constitutional expectancy of early release for earned good time credits); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997) (stating that there is no constitutional expectancy of release on parole in Texas, but an inmate may have a constitutional expectancy of release on mandatory supervision); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context . . . will henceforth qualify for constitutional 'liberty' status.") (citations omitted).

Although Plaintiff lost good time credits as a result of the disciplinary hearing, the loss of those credits will not affect his release to mandatory supervision because Plaintiff reports that he is ineligible for mandatory supervision. The other sanctions imposed were restrictions of his privileges

and a reduction in his class, which are not the types of punishment that impose on a liberty interest. *See Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013) (holding that plaintiff's claim of a false disciplinary charge was frivolous and failed to state a claim because the punishments imposed did not implicate a liberty interest). Thus, Plaintiff's claim that Defendant Stern denied him due process during the disciplinary proceeding is frivolous and fails to state a claim upon which relief may be granted.

*Conspiracy*

Plaintiff contends Defendants McCroskey, Stern, and Morris conspired with other individuals to violate Plaintiff's civil rights. "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory accusations of conspiracy do not state a claim under § 1983, unless the plaintiff supports his allegations with material facts. *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). In this case, Plaintiff only offers his subjective belief that the defendants conspired against him. Because Plaintiff fails to support his conclusory allegations of conspiracy with any material facts, the conspiracy claims should be dismissed as frivolous and for failure to state a claim. *See Longoria v. Texas*, 473 F.3d 586 (5th Cir. 2006) (disregarding conspiracy claim because plaintiff offered no evidence in support of his conclusory allegation).

*Verbal Abuse*

Plaintiff alleges Defendant Vincent used profane and threatening language to intimidate Plaintiff. This claim should be dismissed because verbal threats and abuse do not rise to the level of a constitutional violation. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *McFadden*

*v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *see also Walter v. Perkins*, No. 20-30547, 2021 WL 5458110 at *1 (5th Cir. Nov. 22, 2021) (unpublished) (holding that allegations of threats and "promises of violence" are insufficient to state a claim of retaliation or a violation of the Eighth Amendment).

### Recommendation

Defendants John McCroskey, Taliesin Stern, Jody Vincent, and Christine Morris should be dismissed from this action because the claims against them are frivolous and fail to state a claim upon which relief may be granted.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 13th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE